Gerard P. Fox (SBN 151649)
gfox@gerardfoxlaw.com
BREYON J. DAVIS (SBN 269680)
bdavis@gerardfoxlaw.com
GERARD FOX LAW P.C.
1880 Century Part East, Suite 1410
Los Angeles, CA 90067
Telephone: (310)-441-0500
Telephone: (310)-441-4447

Attorneys for Plaintiff
BRIAN NEAL TAYLOR

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| BRIAN NEAL TAYLOR,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>SCREEN ACTORS GUILD – AMERICAN FEDERATION OF TELEVISION AND RADIO ARTISTS, a labor organization, and Delaware Corporation; DOES 1 through 20, inclusive,<br><br>　　　　Defendants. | Case No.: 2:24-cv-02003<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR REMAND; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**Judge: Hon. Josephine L. Staton**<br>**Date: May 10, 2024**<br>**Time: 10:30 AM PST**<br>**Court Room: 8A** |

# NOTICE OF MOTION

**TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on May 10, 2024, at 10:30 AM PST, or as soon thereafter as counsel for the parties may be heard in Courtroom 8A of the Honorable Josephine L. Staton, located in the United States Courthouse, 350 West 1st Street, Los Angeles, CA 90012, Plaintiff Brian Neal Taylor will and hereby does move this Court to Remand under 28 U.S.C.A. § 1446(a) and 1447.

Plaintiff's Motion for Remand is made upon the following grounds:

1. Plaintiff's first cause of action is pursuant to the Breach of Fiduciary Duty of Fair Representation in Violation of 29, U.S.C. § 159(a) (hereinafter "DFR"). Plaintiff's second through eighth causes of action are state law claims for which this court would not have original jurisdiction. Plaintiff's complaint should be remanded to state court because the DFR Preemption of State Law Claims does not apply. At the very least, the state law claims should be severed and remanded.

2. Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185 is not applicable in this action. While the LMRA governs claims founded directly on rights created by collective bargaining agreements to which a Federal Court would have sole jurisdiction, it applies only to such claims which are "substantially dependent on analysis of a collective bargaining agreement."[1] As this action is not solely dependent upon an analysis or interpretation of a collective bargaining agreement, Section 301 is inapplicable, and this matter should be remanded.

This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, all of the pleadings, files, and records in this proceeding, all other matters of which the Court may take judicial notice, and any argument or evidence that may be presented to or considered by the Court prior to its ruling.

---

[1] *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 395 (1987), See also Doc. #1: 2:23-28 (Defendant's Notice of Removal agreeing that Section 301 Preemption applies when the claims at issue are substantially dependent upon an analysis of the collective bargaining agreement).

1  This Motion for Remand is made following the conference of counsel pursuant to
2  L.R. 7-3 which took place on April 4, 2024, via phone with Defendant SCREEN ACTORS
3  GUILD – AMERICAN FEDERATION OF TELEVISION AND RADIO ARTISTS'
4  counsel of record Sophie Newman, as well as email correspondence on Mach 26th, April
5  3rd and April 4th again with Defendant's counsel Sophie Newman as well as Lisa
6  Demidovich.

Dated:  April 12, 2024                    GERARD FOX LAW P.C.

                                          By:  [signature]

                                          _____
                                          Gerard P. Fox
                                          Breyon J. Davis
                                          Attorneys for Plaintiff
                                          BRIAN NEAL TAYLOR

**TABLE OF CONTENTS**

I.   PROCEDURAL HISTORY……………………………….…………...………..5

II.  FACTUAL ALLEGATIONS……………………………….……………....…6

III. LEGAL STANDARDS……………………………………………………....…7

IV.  ARGUMENT…………………………………………………………….....….9

    A.   DFR Preemption of State Law Claims Does Not Apply ……………....……9

    B.   Section 301 of the Labor Management Relations Act of 1947 Supports Remand………………………………………………………………………...…10

    C.   This Court Has the Authority to Sever Claims…………………….………..11

    D.   Causes Of Action Appropriate for Remand……………………………….12

V.   CONCLUSION……………………………………………………….....…...14

**Cases**

*ARCO Environmental Remediation, L.L.C. v. Dept. of Health & Environmental Quality of the State of Montana,*
 213 F.3d 1108, 1113 (9th Cir. 2000) ..................................................................................................8

*Avco Corp. v. Aero Lodge*
 *No. 735*, 390. U.S. 557, 560-62 (1968) ...........................................................................................10

*Caterpillar Inc. v. Williams,*
 482 U.S. 386, 392 (1987) ..................................................................................................8, 9, 10, 11

*Franchise Tax Bd. of California v. Construction Laborers Vacation Trust for S. California,*
 463 U.S. 1, 14 (1983) .........................................................................................................................8

*Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*,
 463 U.S. 1, 23 (1983) .......................................................................................................................10

*Garcia v. SEIU*,
 993 F.3d 757, 762 (9th Cir. 2021) ...................................................................................................10

*Gaus v. Miles, Inc.*,
 980 F.2d 564, 566 (9th Cir. 1992) .....................................................................................................8

*Melendez v. San Francisco Baseball Associates LLC* (2017) ...............................................................9, 12

*Pena v. McArthur,*
 889 F. Supp. 403, 407 (E.D. Cal. 1994) ..........................................................................................11

*Plasse v. Ford*,
 No. 2:17-CV-01136-TLN-JDP, 2021 WL 3912257, at *2 (E.D. Cal. Sept. 1, 2021) .......................12

*Repro-Med Sys., Inc. v. EMED Techs. Corp.,*
 No. 2:13-CV-01957-TLN-CKD, 2019 WL 569277, at *4 (E.D. Cal. Feb. 12, 2019) .....................12

*Rivet v. Regions Bank of Louisiana,*
 522 U.S. 470, 478 (1998) ...................................................................................................................8

*SEC v. Leslie,*
 No. C 07-3444, 2010 WL 2991038, at *4 (N.D. Cal. July 29, 2010) ...............................................12

*Textile Workers Union v. Lincoln Mills of Ala.,*
 *353 U.S. 448, 450–51 (1957)* .....................................................................................................12, 13

*Vaca v. Sipes,*
 386 U.S. 171, 177 (1967) ...................................................................................................................6

**Statutes**

Labor Management Relations Act of 1947 Section 301 ........................................................................7, 10
NLRA, 29 U.S.C. § 14 159(a) ....................................................................................................................6
NLRA, 29 U.S.C. §§ 151 ............................................................................................................................9

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   PROCEDURAL HISTORY

Aggrieved SAG-AFTRA Members began filing complaints, independently as each member suffered varying harm, on December 8, 2023 and continued through February 23, 2024 and will continue to file complaints moving forward.  Plaintiff's case is one of 40 civil actions that have since been "related" in Federal Court.  The now 40 related Plaintiffs have since served the summons and complaint with additional required documents, upon Defendant SAG-AFTRA on February 16, 2024.

Beginning on March 13, 2024 and continuing through March 15, 2025, Defendant SAG-AFTRA filed a Notice of Removal as it pertains to the now 40 related cases filed against the Defendant for the varying harms caused by the SAG-AFTRA Union during Covid-19 for those individuals who were negatively affected by Defendants' breaches owed to them.  These breaches included and stemmed from the SAG-AFTRA Constitution, the SAG-AFTRA Membership Agreement, the Return-to-Work Agreement (hereinafter "RTWA") and the SAG-AFTRA Collective Bargaining Agreement.

Between March 26th, April 3rd and April 4th, the parties' counsel met and conferred pursuant to Local Rule 7-13 prior to the filing of this Motion for Remand.  Despite discussions, counsel did not agree on the applicable law substantiating removal and remand and thus, counsel for Plaintiff now brings this Motion within 30 days of service of the Notice of Removal.[2]  This Motion for Remand is timely.

---

[2] A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under 28 U.S.C. § 1446(a).

## II. FACTUAL ALLEGATIONS

As expressly stated in Plaintiff's complaint, this action asserts claims on behalf of the members of SAG-AFTRA (excluding Defendants) (the "Members"), for injuries to the SAG-AFTRA Members resulting from Defendants' breaches of their contractual duties of fair representation under the NLRA, 29 U.S.C. § 14 159(a), (also referred to herein as "DFR"). Under Section 9(a) of the NLRA, the Union has a duty "to serve the interests of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct."[3]

The Union Members had a material interest in knowing about the Covid-19 proposed implementation protocols, how they were going to affect the Union Members and be provided with an opportunity to address not only the changes, but how the RTWA was negatively affecting the Members thereby breaching SAG-AFTRA Constitution, the SAG-AFTRA Membership Agreement, The RTWA and SAG-AFTRA Collective Bargaining Agreement.

The Plaintiff in this action along with many other SAG-AFRTRA Members lost their employment, benefits, livelihood, future employment, inability to apply their craft to which they worked tirelessly to attain, amongst other extreme losses identified in the Complaint throughout and essentially in Section IX.

Under the authority established in Article IV of the SAG-AFTRA Constitution, SAG-AFTRA is charged with the general management, direction and control of the affairs, funds and properties of the Union, the determination of the relations and obligations of the members, the Union and the Locals, and the carrying out of the objectives of the Union. Specifically, the SAG-AFTRA National Board is responsible for adopting policies and procedures as the National Board deems necessary or appropriate for the governance or operations of the Union. In carrying out these authorities, SAG-AFTRA must operate in

---

[3] *Vaca v. Sipes*, 386 U.S. 171, 177 (1967). See Complaint ¶1.

a non-discriminatory manner, represent its members fairly/adequately, and without causing harm to the Union Members.[4]

SAG-AFTRA's support and defense of the Covid-19 Mandates advocated in the SAG-AFTRA Return to Work Agreement and the COVID-19 Safety Agreement were adverse to the rights and claims of the Union Members. Defendants, as Union officials, owe a duty of loyalty to the Union Members, not SAG-AFTRA National organization independent of its Members nor specific to the interests of their signatories (production companies and studios).[5]

The SAG-AFTRA Union Members were entitled to all rights and promises provided thereto and entitled to receipt thereof as referenced in the SAG-AFTRA Constitution as well as the benefits provided by way of the SAG-AFTRA Collective Bargaining Agreement, the SAG-AFTRA Membership Agreement and the RTW Agreement.[6] Due to this right and contrary to Defendant's claims in their Notice of Removal, where a claim arises under state law and the collective bargaining agreement of a union will be merely referred to - rather than interpreted - there is no preemption under section 301 of the Labor Management Relations Act of 1947 (LMRA), and therefore no preemption under the DFR either.[7]

### III.   LEGAL STANDARDS

Generally, a state civil action is removable to federal court only if it might have been brought originally in federal court. See 28 U.S.C. § 1441. This "original jurisdiction" may be based either on diversity of the parties, or on the presence of a federal question in the state court complaint. On removal, the removing defendant bears the burden of proving

---

[4] Complaint ¶5.
[5] Complaint ¶6.
[6] Complaint ¶7.
[7] See Notice of Removal 2:23-24, 3:1-28, 4:1-17, wherein Defendant incorrectly argues that the DFR as applicable and impliedly time-barred and preempts Plaintiff's state law claims.

the existence of jurisdictional facts.[8] There is also a "'strong presumption'" against removal jurisdiction.[9]  Because courts must "strictly construe the removal statute against removal jurisdiction," "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."[10]

Federal question jurisdiction is governed by the "well-pleaded complaint rule."[11] This provides that subject matter jurisdiction is proper only when a federal question appears on the face of a proper complaint.[12]  As a result, a plaintiff--as master of the complaint--"may avoid federal jurisdiction by exclusive reliance on state law."[13]

Further, a defendant cannot remove solely "on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue".[14]  Thus, the federal question must appear on the face of the complaint, as alleged and controlled by the plaintiff.  "Put simply, the existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims."[15]  A plaintiff may defeat an anticipated removal by choosing not to plead independent federal claims.[16]

Plaintiff's complaint is well pleaded and did include the Federal Question cause of action on the face of the complaint, however, the issue arises where the state law claims are not preempted by the Federal Question DFR claim as Defendant attempts to argue which is also the basis for their removal.  Accordingly, Plaintiff asserts that preemption

---

[8] See *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992).
[9] Id.
[10] Id.
[11] Neither Plaintiff nor Defendant has alleged that jurisdiction in this Court may properly be based on diversity. Accordingly, the Court addresses only the presence of federal question jurisdiction.
[12] See, e.g., *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987).
[13] Id.
[14] Id. at 393.
[15] *ARCO Environmental Remediation, L.L.C. v. Dept. of Health & Environmental Quality of the State of Montana,* 213 F.3d 1108, 1113 (9th Cir. 2000); see also *Rivet v. Regions Bank of Louisiana,* 522 U.S. 470, 478 (1998); *Franchise Tax Bd. of California v. Construction Laborers Vacation Trust for S. California,* 463 U.S. 1, 14 (1983).
[16] See *ARCO,* 213 F.3d at 1114.

is not applicable under these set of facts and thus, as Plaintiff's state law claims would not be subject to original federal court jurisdiction, assuming this court would like to assert supplemental jurisdiction, Plaintiff asks that the state law claims be severed and remanded.

## IV.   ARGUMENT

**A. DFR Preemption of State Law Claims Does Not Apply**

The California Supreme Court held that the Labor Management Relations Act does not preempt claims under the Labor Code where a defense requires little more than referring to a collective bargaining agreement, as opposed to actually interpreting the agreement.[17] In the Notice of Removal, Defendant asserts that:

> "This complaint is removable to federal court under the doctrine of duty of fair representation ("DFR") preemption. The duties, if any, owed by the Union to Plaintiff—an employee it represents for contract administration, collective bargaining, and other representational purposes—are governed by the National Labor Relations Act ("NLRA"), 29 U.S.C. §§ 151, et seq., and the collective bargaining agreements for which Defendant is the exclusive bargaining representative. A state-law cause of action that takes issue with a union's performance of its role as collective bargaining representative, which is simply given a different label, should be treated by the court as a DFR claim."[18]

Plaintiff acknowledges that the DFR carries preemption power, but only when substantially dependent on the analysis of a collective bargaining agreement.[19] While Defendant claims that all of Plaintiff's claims are preempted by simply pleading the DFR

---

[17] *Emphasis Added. Melendez v. San Francisco Baseball Associates LLC* (2017) 16 Cal.App.5th 339. To further be noted, labor codes are state statutes and state claims that are exempt from preemption when simply referring to the CBA.
[18] Notice of Removal: 1:23-24, 2:1-7.
[19] *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 395 (1987).

- 9 -
PLAINTIFF'S MOTION FOR REMAND

on the face of their complaint, this is false since an exemption to preemption applies. However, even if this were true, this does not answer, and Defendant overlooks, the remaining issue of whether this affords an adequate basis for removal jurisdiction. The DFR, even if it did "preempt" some of Plaintiff's claims, it does not "completely preempt" those claims so as to confer an adequate basis for removal to federal court.

**B. Section 301 of the Labor Management Relations Act of 1947 Supports Remand**

Contrary to Defendant's arguments in their Notice of Removal, where a claim arises under state law and the collective bargaining agreement of a union will be merely referred to - rather than interpreted - there is no preemption under section 301 of the Labor Management Relations Act of 1947 (LMRA).[20] Looking at the express language relied upon by Defendant below, each case cited supported preemption when based solely on the interpretation or duties arising specifically from the Collective Bargaining Agreement. Defendant states the following:

> "[Section 301 Preemption] Further, Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, governs claims founded directly on rights created by collective bargaining agreements, and those "substantially dependent on analysis of a collective bargaining agreement." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 395 (1987). Federal courts have original jurisdiction over Section 301 claims. *See Avco Corp. v. Aero Lodge No. 735*, 390. U.S. 557, 560-62 (1968). Complete preemption applies to state-law claims brought within the scope of Section 301. *Caterpillar*, 482 U.S. at 393-94. "State law claims that fall within the area of Section 301 are considered federal law claims and are preempted and removable." *Garcia v. SEIU*, 993 F.3d 757, 762 (9th Cir. 2021); *see also Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 23 (1983)."[21]

---

[20] See Notice of Removal pgs. 2-4, wherein Defendant incorrectly argues that the DFR as applicable and impliedly time-barred and preempts Plaintiff's state law claims.
[21] Notice of Removal: 2:23-28, 3:1-5.

1  The Supreme Court has held that the substantive meaning of § 301 directs federal courts
2  to create a body of national law for the enforcement of **collective bargaining agreements**
3  and the promise to arbitrate **grievances found therein**.[22] Therefore, the Court also has
4  held that § 301 preempts any state lawsuit alleging a contractual breach of a collective
5  bargaining agreement.  When evaluating the matter before us and as Plaintiff has
6  continued to reiterate, their claims alleging harm do not require a substantial dependent
7  analysis of the SAG-AFTRA Collective Bargaining Agreement which is required in order
8  to apply Section 301 preemption of state law claims.[23]
9      Defendant has not only failed to provide this showing under the facts of Plaintiff's
10 complaint, but they have also failed to notify the Court that there is an exemption to
11 preemption under Section 301, which is the absence of a substantial reliance upon the
12 interpretation of a collective bargaining agreement in order to address a grievance
13 stemming from the CBA.  In this instance, Plaintiff has expressly stated that their
14 grievance, as it pertains to breach of contract, is bedded in the SAG-AFTRA Constitution,
15 the SAG-AFTRA Membership Agreement, the RTWA and the SAG-AFTRA Collective
16 Bargaining Agreement.  The Court's reliance, in this case, is upon all named and quoted
17 agreements in Plaintiff's complaint as reiterated namely above.

**C. This Court Has the Authority to Sever Claims**

     Claims be severed "if it will serve the ends of justice and further the prompt and efficient disposition of litigation."[24]  "Fairness is a critical consideration in determining whether severance is appropriate," and therefore it must be determined whether any party would suffer prejudice.[25]

     In determining whether to sever a claim, a court may consider the following: "(1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or

---

[22] *Id*.
[23] *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 395 (1987).
[24] Id. (citation omitted).
[25] *Pena v. McArthur,* 889 F. Supp. 403, 407 (E.D. Cal. 1994) (citation omitted).

judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims."[26] Courts have repeatedly applied these factors when ruling on motions to sever.[27] Arguably, this Court may sever Plaintiff's state law claims because it would be fair in light of the exemption to Section 301 preemption, prejudice to Plaintiff would be avoided if severed because this court could focus upon the "time-barred", "causation" "preemption" and statement of a DFR claims solely. Assuming this Court is inclined to deny Plaintiff's Motion for Remand, Plaintiff asks that in the alternative, this Court assert its jurisdiction over the federal DFR claim, sever the state claims and allow for efficiency and fairness on all parties involved.

**D. Causes Of Action Appropriate for Remand**

**1. DFR Claim:** Plaintiff understands that complaints asserting claims which raise a federal question pursuant to title 28 United States Code section 1331 can be removed. However, Plaintiff disagrees with the assertion that removal based upon a DFR claim applies to state law claims through preemption under Section 301 of the LMRA.[28]

**2. Breach of Contract:** The Court's reasoning is specific to applying preemption when directly interpreting specific performance of promises to arbitrate grievances under **collective bargaining agreements**.[29] As this action is NOT specific to the interpretation of Defendant's CBA, preemption does not apply to this state law claim, which would be appropriate for remand as outlined above.

**3. Breach of Fiduciary Duties:** The Court's reasoning is specific to applying preemption when directly interpreting specific performance of promises to arbitrate

---

[26] *SEC v. Leslie,* No. C 07-3444, 2010 WL 2991038, at *4 (N.D. Cal. July 29, 2010) (citation omitted).

[27] See, e.g., *Plasse v. Ford,* No. 2:17-CV-01136-TLN-JDP, 2021 WL 3912257, at *2 (E.D. Cal. Sept. 1, 2021); *Repro-Med Sys., Inc. v. EMED Techs. Corp.,* No. 2:13-CV-01957-TLN-CKD, 2019 WL 569277, at *4 (E.D. Cal. Feb. 12, 2019).

[28] *Emphasis Added. Melendez v. San Francisco Baseball Associates LLC* (2017) 16 Cal.App.5th 339. To further be noted, labor codes are state statutes and state claims that are exempt from preemption when simply referring to the CBA.

[29] *Textile Workers Union v. Lincoln Mills of Ala.,* 353 U.S. 448, 450–51 (1957)

grievances under **collective bargaining agreements**.[30] As this action is NOT specific to the interpretation of Defendant's CBA, preemption does not apply to this state law claim, which would be appropriate for remand as outlined above.

      4. **Breach of the Covenant of Good Faith:** The Court's reasoning is specific to applying preemption when directly interpreting specific performance of promises to arbitrate grievances under **collective bargaining agreements**.[31] As this action is NOT specific to the interpretation of Defendant's CBA, preemption does not apply to this state law claim, which would be appropriate for remand as outlined above.

      **5. Negligence:** The Court's reasoning is specific to applying preemption when directly interpreting specific performance of promises to arbitrate grievances under **collective bargaining agreements**.[32] As this action is NOT specific to the interpretation of Defendant's CBA, preemption does not apply to this state law claim, which would be appropriate for remand as outlined above.

      **6**. **Tortious Interference with a Business Advantage:** The Court's reasoning is specific to applying preemption when directly interpreting specific performance of promises to arbitrate grievances under **collective bargaining agreements**.[33] As this action is NOT specific to the interpretation of Defendant's CBA, preemption does not apply to this state law claim, which would be appropriate for remand as outlined above.

      **7. Intentional Infliction of Emotional Distress:** The Court's reasoning is specific to applying preemption when directly interpreting specific performance of promises to arbitrate grievances under **collective bargaining agreements**.[34] As this action is NOT specific to the interpretation of Defendant's CBA, preemption does not apply to this state law claim, which would be appropriate for remand as outlined above.

---

[30] *Textile Workers Union v. Lincoln Mills of Ala.*, 353 U.S. 448, 450–51 (1957).
[31] *Id.*
[32] *Id.*
[33] *Textile Workers Union v. Lincoln Mills of Ala.*, 353 U.S. 448, 450–51 (1957)
[34] *Textile Workers Union v. Lincoln Mills of Ala.*, 353 U.S. 448, 450–51 (1957)

**8. Negligent Infliction of Emotional Distress:** The Court's reasoning is specific to applying preemption when directly interpreting specific performance of promises to arbitrate grievances under **collective bargaining agreements**.[35]  As this action is NOT specific to the interpretation of Defendant's CBA, preemption does not apply to this state law claim, which would be appropriate for remand as outlined above.

## V.    CONCLUSION

Based upon the foregoing, Plaintiff asks this Court to Grant their Motion for Remand as to the entire action for the reasons stated herein.  Alternatively, Plaintiff asks this Court to assert their discretionary authority, sever the state law claims and grant their Motion for Remand in part.

Dated:  April 12, 2024                                     GERARD FOX LAW P.C.

                                                           By: /s/ 

                                                           Gerard P. Fox
                                                           Breyon J. Davis
                                                           Attorneys for Plaintiff
                                                           BRIAN NEAL TAYLOR

---

[35] *Id.*

## **PROOF OF SERVICE**

I, Adriana Diaz, am employed in the County of Los Angeles, in the State of California. I am over the age of 18 and not a party to the above-mentioned matter. My business address is: GERARD FOX LAW, P.C., 1880 Century Park East, Suite 1410, Los Angeles, CA 90067. On April 12, 2024, I served the following documents, described as: **PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR REMAND; MEMORANDUM OF POINTS AND AUTHORITIES** on the person(s) listed in the below Service List.

## **SERVICE LIST**

| | |
|---|---|
| JULIE GUTMAN DICKINSON (SBN 148267)<br>jgutmandickinson@bushgottlieb.com<br>LISA C. DEMIDOVICH (SBN 245836)<br>ldemidovich@bushgottlieb.com<br>SOPHIE NEWMAN (SBN 353075)<br>snewman@bushgottlieb.com<br>BUSH GOTTLIEB<br>A Law Corporation<br>801 North Brand Boulevard, Suite 950<br>Glendale, California 91203-1260<br>Telephone: (818) 973-3200<br>Facsimile: (818) 973-3201 | Party Represented:<br><br>**SCREEN ACTORS GUILD – AMERICAN FEDERATION OF TELEVISION AND RADIO ARTISTS,** a labor organization and Delaware Corporation |

The document was served by the following means:

| | |
|---|---|
| ☒ | **By electronic service**: Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification addresses listed in the attached Services List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: April 12, 2024

_____
Adriana Diaz

- 15 -
PLAINTIFF'S MOTION FOR REMAND