JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORIAN KINGI, ALISON BACON, ALISON SCANNELL, ALEX KINGI, BRENT SEXTON, BRIAN NEAL TAYLOR, CHRIS KIESEWETTER, ANASTASIO TIMBINARIS, ALEX CHANSKY, ALEXANDRIA WILLIAMSON, ALEXIS CHRISTOPHER, ANNA MARIA SFORZA VILLA, ALFRED CIALELLA JR., CAROLYN MINCIN, CHANDA WATTS, ANTOINETTE STANIEWICZ, BERTHA ALICIA BENAVIDES, BUFFY METLER, CLAIRE PROFT, CLINTON GRAHAM, CHRISTINE MITCHELL, DARBY GWYNN, DAN MARSHALL, DAWN MARE ANDERSON, DAVID EHRMAN, DAVIS NEVES, DAVID ROBERT GIULIANI, DAVID HENEISE, ADAM GEORGE HUTCHINSON, HAROLD G. EDER II, HEATHER LOUISES HERINGTON, GREGORY CHARLES SPOROLES, HAROLD PLAUT, HENRY ROBINSON, JAMES ANTONY DINONNO, JAMES JOSEPH AQUINO, CHARLES R. SLAVIN III, JEFFREY | CASE NO. 2:24-cv-01996-JLS-JC<br>2:24-cv-01997-JLS-JC<br>2:24-cv-01999-JLS-JC<br>2:24-cv-02001-JLS-JC<br>2:24-cv-02002-JLS-JC<br>2:24-cv-02003-JLS-JC<br>2:24-cv-02004-JLS-JC<br>2:24-cv-02006-JLS-JC<br>2:24-cv-02007-JLS-JC<br>2:24-cv-02008-JLS-JC<br>2:24-cv-02010-JLS-JC<br>2:24-cv-02012-JLS-JC<br>2:24-cv-02014-JLS-JC<br>2:24-cv-02015-JLS-JC<br>2:24-cv-02016-JLS-JC<br>2:24-cv-02017-JLS-JC<br>2:24-cv-02019-JLS-JC<br>2:24-cv-02022-JLS-JC<br>2:24-cv-02026-JLS-JC<br>2:24-cv-02028-JLS-JC<br>2:24-cv-02029-JLS-JC<br>2:24-cv-02034-JLS-JC<br>2:24-cv-02038-JLS-JC<br>2:24-cv-02040-JLS-JC<br>2:24-cv-02042-JLS-JC |

| | |
|---|---|
| JONNATAN QUINTANA, JESUS TUCKER, JOAN LIZARRAGA, | 2:24-cv-02047-JLS-JC |
| | 2:24-cv-02051-JLS-JC |
| | 2:24-cv-02053-JLS-JC |
| Plaintiffs, | 2:24-cv-02054-JLS-JC |
| | 2:24-cv-02057-JLS-JC |
| v. | 2:24-cv-02060-JLS-JC |
| | 2:24-cv-02063-JLS-JC |
| SAG-AFTRA, ET AL. | 2:24-cv-02066-JLS-JC |
| | 2:24-cv-02067-JLS-JC |
| Defendants. | 2:24-cv-02071-JLS-JC |
| | 2:24-cv-02074-JLS-JC |
| | 2:24-cv-02075-JLS-JC |
| | 2:24-cv-02076-JLS-JC |
| | 2:24-cv-02078-JLS-JC |
| | 2:24-cv-02079-JLS-JC |

**ORDER CONSOLIDATING CASES**

Before the Court are 40 related cases:

- 2:24-cv-01996-JLS-JC, *Dorian Kingi v. Screen Actors Guild – American Federation of Television and Radio Artists*
- 2:24-cv-01997-JLS-JC, *Alison Bacon v. Screen Actors Guild – American Federation of Television and Radio Artists*
- 2:24-cv-01999-JLS-JC, *Alison Scannell v. Screen Actors Guild - American Federation of Television and Radio Artists*
- 2:24-cv-02001-JLS-JC, *Alex Kingi v. Screen Actors Guild - American Federation of Television and Radio Artists*
- 2:24-cv-02002-JLS-JC, *Brent Sexton v. Screen Actors Guild - American Federation of Television and Radio Artists*
- 2:24-cv-02003-JLS-JC, *Brian Neal Taylor v. Screen Actors Guild - American Federation of Television and Radio Artists*
- 2:24-cv-02004-JLS-JC, *Chris Kiesewetter v. Screen Actors Guild - American Federation of Television and Radio Artists*
- 2:24-cv-02006-JLS-JC, *Anastasio Timbinaris v. Screen Actors Guild - American Federation of Television and Radio Artists*
- 2:24-cv-02007-JLS-JC, *Alex Chansky v. Screen Actors Guild - American Federation of Television and Radio Artists*
- 2:24-cv-02008-JLS-JC, *Alexandria Williamson v. Screen Actors Guild – American Federation of Television and Radio Artists*
- 2:24-cv-02010-JLS-JC, *Alexis Christopher v. Screen Actors Guild - American Federation of Television and Radio Artists et al*
- 2:24-cv-02012-JLS-JC, *Anna Maria Sforza Villa v. Screen Actors Guild - American Federation of Television and Radio Artists*
- 2:24-cv-02014-JLS-JC, *Alfred Cialella Jr. v. Screen Actors Guild - American Federation of Television and Radio Artists*
- 2:24-cv-02015-JLS-JC, *Carolyn Mincin v. Screen Actors Guild - American Federation of Television and Radio Artists*
- 2:24-cv-02016-JLS-JC, *Chanda Watts v. Screen Actors Guild - American Federation of Television and Radio Artists*
- 2:24-cv-02017-JLS-JC, *Antoinette Staniewicz v. Screen Actors Guild - American Federation of Television and Radio Artists*
- 2:24-cv-02019-JLS-JC, *Bertha Alicia Benavides v. Screen Actors Guild - American Federation of Television and Radio Artists*
- 2:24-cv-02022-JLS-JC, *Buffy Metler v. Screen Actors Guild - American Federation of Television and Radio Artists*
- 2:24-cv-02026-JLS-JC, *Claire Proft v. Screen Actors Guild - American Federation of Television and Radio Artists*
- 2:24-cv-02028-JLS-JC, *Clinton Graham v. Screen Actors Guild - American Federation of Television and Radio Artists*
- 2:24-cv-02029-JLS-JC, *Christine Mitchell v. Screen Actors Guild - American*

*Federation of Television and Radio Artists*

- 2:24-cv-02034-JLS-JC, *Darby Gwynn v. Screen Actors Guild - American Federation of Television and Radio Artists*
- 2:24-cv-02038-JLS-JC, *Dan Marshall v. Screen Actors Guild - American Federation of Television and Radio Artists*
- 2:24-cv-02040-JLS-JC, *Dawn Mare Anderson v. Screen Actors Guild - American Federation of Television and Radio Artists*
- 2:24-cv-02042-JLS-JC, *David Ehrman v. Screen Actors Guild - American Federation of Television and Radio Artists*
- 2:24-cv-02047-JLS-JC, *Davis Neves v. Screen Actors Guild - American Federation of Television and Radio Artists*
- 2:24-cv-02051-JLS-JC, *David Robert Giuliani v. Screen Actors Guild - American Federation of Television and Radio Artists*
- 2:24-cv-02053-JLS-JC, *David Heneise v. Screen Actors Guild - American Federation of Television and Radio Artists*
- 2:24-cv-02054-JLS-JC, *Adam George Hutchinson v. Screen Actors Guild - American Federation of Television and Radio Artists*
- 2:24-cv-02057-JLS-JC, *Harold G. Eder II v. Screen Actors Guild - American Federation of Television and Radio Artists*
- 2:24-cv-02060-JLS-JC, *Heather Louise Herington v. Screen Actors Guild - American Federation of Television and Radio Artists*
- 2:24-cv-02063-JLS-JC, *Gregory Charles Sporoles v. Screen Actors Guild - American Federation of Television and Radio Artists*
- 2:24-cv-02066-JLS-JC, *Harold Plaut v. Screen Actors Guild - American Federation of Television and Radio Artists*
- 2:24-cv-02067-JLS-JC, *Henry Robinson v. Screen Actors Guild - American Federation of Television and Radio Artists*
- 2:24-cv-02071-JLS-JC, *James Antony Dinonno v. Screen Actors Guild - American Federation of Television and Radio Artists*
- 2:24-cv-02074-JLS-JC, *James Joseph Aquino v. Screen Actors Guild - American Federation of Television and Radio Artists*
- 2:24-cv-02075-JLS-JC, *Charles R. Slavin III v. Screen Actors Guild - American Federation of Television and Radio Artists*
- 2:24-cv-02076-JLS-JC, *Jeffrey Jonnatan Quintana v. Screen Actors Guild - American Federation of Television and Radio Artists*
- 2:24-cv-02078-JLS-JC, *Jesus Tucker v. Screen Actors Guild - American Federation of Television and Radio Artists*
- 2:24-cv-02079-JLS-JC, *Joann Lizarraga v. Screen Actors Guild - American Federation of Television and Radio Artists*

On March 30, 2024, the Court issued an Order to Show Cause ("OSC") why these cases should not be consolidated. (*See, e.g.*, OSC in *Dorian Kingi v. SAG-AFTRA*, Case No. 2:24-cv-01996-JLS-JC, Doc. 15.) Plaintiffs and Defendant both timely responded.

4

(*See, e.g.*, Dorian Kingi Br., Doc. 16; Def.'s Br., Doc. 17.)  The Court then held a hearing on April 26, 2024.  For the following reasons, the Court now ORDERS the actions to be consolidated through discovery and pre-trial.

Pursuant to Federal Rule of Civil Procedure 42, a court may consolidate cases that "involve a common question of law or fact."  "The district court has broad discretion under this rule to consolidate cases pending in the same district."  *Invs. Rsch. Co. v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989).  "To determine whether to consolidate, a court weighs the interest in judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation."  *Paxonet Commc'ns, Inc. v. TranSwitch Corp.*, 303 F. Supp. 2d 1027, 1028 (N.D. Cal. 2003).  "Rule 42(a) does not prevent a court from consolidating cases even where [varying] claims are present."  *Borteanu v. Nikola Corp.*, 507 F. Supp. 3d 1128, 1134 (D. Ariz. 2020), *vacated on different grounds by* 562 F. Supp. 3d 174 (D. Ariz. 2021).

Here, the actions feature common questions of law and fact.  All 40 cases are against Defendant SAG-AFTRA and arise from alleged harm caused by vaccine mandates implemented in accordance with SAG-AFTRA's Return-to Work Agreement during the COVID-19 pandemic.  (*See* Dorian Kingi Compl. ¶¶ 1, 72, 81, & 96.)  Counsel for Plaintiffs is the same in all 40 cases, as is counsel for Defendant.  All cases are in the same early stages of litigation.  And thus far, the parties have been filing near-identical briefs in all 40 cases, demonstrating how similar the issues are.  Because of the similarities, judicial economy will be greatly served by consolidation, which will avoid duplication of work and ensure consistent outcomes.  Further, Plaintiffs have identified no meaningful prejudice that would arise.

The Court ORDERS that the actions are consolidated for the purpose of discovery and pre-trial litigation.  The Court will consider whether to keep the actions consolidated through trial at a later point in the litigation.  Going forward, all filings shall be made in *Dorian Kingi v. SAG-AFTRA*, Case No. 2:24-cv-01996-JLS-JC.  The consolidated action

shall bear the caption identified in this Order, which will be shortened to *Kingi, et al. v. SAG-AFTRA, et al.* The other 39 cases are administratively closed.

   As a result of consolidation, the motions to dismiss pending in all 40 actions, are DENIED AS MOOT. The hearing on the motions to dismiss scheduled for May 24, 2024, is VACATED. The Court intends to rule on the 40 motions to remand within the now-consolidated action; that hearing date is still set for May 24, 2024, and any reply brief shall be filed as single reply brief in the consolidated action, in accordance with the timing requirements set by the Local Rules. Defendant shall not renew its motion to dismiss until the Court has ruled on the motion to remand; in the event the actions remain in federal court, the Court will issue an order requiring Plaintiffs to file an amended consolidated complaint.

DATED:  April 28, 2024

_____
HON. JOSEPHINE L. STATON
UNITED STATES DISTRICT JUDGE